IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA

v.                                                                                          CASE NO. 1:97-cr-20-MMP-AK

WILLIAM RAY HOLMES,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

This cause is before the Court on Defendant's petition for writ of *audita querela* or, alternatively, for the issuance of a writ pursuant to the All Writs Act. Doc. 38. In 1997, Defendant pled guilty to possession of a firearm by a prior convicted felon and was later sentenced to 180 months imprisonment as an armed career criminal. Doc. 33. He did not appeal his sentence. *Id*. Defendant timely sought § 2255 relief, and in a Report and Recommendation, the magistrate judge recommended that the motion be denied. *Id*. In particular, the magistrate judge addressed Defendant's status as an ACC offender, finding that of the ten offenses listed in movant's PSR as adult criminal convictions, there were three which qualified as predicate offenses–one for aggravated assault and two for the sale of cocaine. *Id*. The Court adopted the R&R, Doc. 35, and Defendant did not appeal the ruling.

   Via a petition for a writ of *audita querela*, Defendant asks the Court to "recall, void, and/or modify judgment" based on *Begay v. United States*, \_\_\_\_ U.S. \_\_\_\_, 128 S.Ct. 1581, 170

L.Ed. 2d 490 (2008), which, according to him, is a "supervening change in law" which undermines his ACC status.  Doc. 38.  More specifically, he maintains that his conviction for carrying a concealed weapon is not a crime of violence under the rationale of *Begay*, and thus, it could not serve as a basis for sentencing him as an armed career criminal.

"*Audita querela*, Latin for 'the complaint having been heard,' was an ancient writ used to attack the enforcement of a judgment after it was rendered." *United States v. Holt*, 417 F.3d 1172, 1174 (11th Cir. 2005).  Its use has been abolished in the civil context, and, in the post-conviction context, it "may not be granted when relief is cognizable under § 2255." *Id.* at 1174-75.  Where a federal prisoner attacks his sentence as violating the United States Constitution, "the proper avenue for relief is § 2255." *Id.* at 1175.  In this case, however, Defendant is not entitled to relief "however [the petition] is labeled." *Carrington v. United States*, 503 F.3d 888, 891 (9th Cir. 2007).  As explained by the magistrate judge in the original R&R addressing Defendant's motion to vacate, Defendant had three prior felony convictions for aggravated assault and sale of cocaine which triggered his heightened sentence as an armed career criminal without reference to the concealed weapon conviction.  Thus, even if *Begay* is to be applied retroactively, *see United States v. Glover*, 2008 WL 2951085 (N.D. Okla. July 28, 2008) (Government conceded that *Begay* announced new substantive rule and defendant's claim was not subject to restrictions of *Teague*), and even if the Court assumes *arguendo* the use of *audita querela* as a vehicle for relief in this context, Defendant is not entitled to have his sentence vacated or modified in any manner.

Consequently, the petition should be denied in this case.

To the extent that the petition is liberally construed as a § 2255 motion to vacate, it should be denied as an unauthorized second or successive motion.

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendant's petition for writ of *audita querela*, Doc. 38, be **DENIED WITH PREJUDICE**.

**IN CHAMBERS** at Gainesville, Florida, this 18th day of September, 2008.

S/A.Kornblum
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**